# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>JIMMY LEE TURNER,<br><br>        Defendant. | 3:08-cr-120-TMB-JDR<br><br>**MEMORANDUM OPINION** |

Defendant **Jimmy Lee Turner** moved the court to grant his Unopposed Motion to Suppress and Vacate the Evidentiary Hearing. Docket No. 28. The government filed an opposition at Docket No. 29 arguing that based on its computation its response was due December 15, 2008, the date the response was filed. This order addresses the calculation of the due date for the government's opposition to the defendant's criminal motion [20] in this case.

The starting point is the Pretrial Scheduling Order. Paragraph 4 of the Order for the Progression of Criminal Case, Docket No. 10, provides: "If any pretrial motion is filed by either side, opposing briefs shall be filed within five (5) working days thereafter. . . . ." It is undisputed that Turner filed his motion to suppress on December 3, 2008. Docket No. 20.

The government's calculation begins with Local Rule 47.1 wherein it states ". . . oppositions to motions in criminal cases must be served and filed within five (5) days of service of the motion." However, that sentence is preceded by the following phrase: "Except as otherwise ordered by the court or as specified in these rules." D.Ak.LR. 47.1(a). The significance of that language is that the court's scheduling order counts workdays not calendar days.

Federal Criminal Rule 45 addresses the method of computing and extending time in criminal cases. The rule applies in computing any period of time specified in any local rule or any court order. Rule 45(a) Federal Rules of Criminal Procedure. Thus, the day of the filing of the motion is excluded. *See* Rule 45(a)(1) F.R.Cr.P.

Under Rule 45 intermediate Saturdays, Sundays and legal holidays are excluded when the period is less than eleven days. Rule 45(a)(2) F.R.Cr.P. In the court's scheduling order in Turner weekends and legal holidays are already excluded because only work days are counted toward the five days allowed for a response.

3-08-cr-120-TMB-JDR TURNER @28 Memorandum Opinion_mtd.wpd

2

3-08-cr-120-TMB-JDR   Memorandum Opinion   12/17/2008; Page 2 of 4
Case 3:08-cr-00120-TMB   Document 35   Filed 12/17/08   Page 2 of 4
Signed by Judge John D. Roberts

Rule 45 provides for additional time after service "when these rules permit or require a party to act within the specified period after a paper has been served on that party. Rule 45(c) F.R.Cr.P. Rule 45(c) provides for three additional days when service occurs in the manner provided under Federal Rule of Civil Procedure 5(b)(2)(B), (C), or (D).

Applying this computation to the instant case the fifth day for the date due for the response under the court's scheduling order would be December 10, 2008. Because weekends and holidays have already been excluded they are not excluded a second time under Rule 45(a) of the F.R.Cr.P. Excluding the additional three days because of the manner of service under Rule 45(c) the response date is moved out to December 13, 2008, a Saturday. Pursuant to Rule 45(a)(3) the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday (or day when the clerk's office is inaccessible). Thus, the response date became Monday, December 15, 2008. Therefore, the government's response to the motion to suppress filed December 15, 2008 was timely filed.[1]

The parties are cautioned to keep abreast of the amendments to the Federal Rules of Criminal Procedure as well as this court's local rules most notably

---

[1] Even if the government's response were filed after the time had expired, the response time could be extended by the court on its own based on excusable neglect. Rule 45(b)(1)(B).

with respect to future application of this opinion as changes in time computation may occur from time to time.

DATED this 17th day of December, 2008, at Anchorage, Alaska.


                                                  /s/ John D. Roberts
                                                  JOHN D. ROBERTS
                                                  United States Magistrate Judge

3-08-cr-120-TMB-JDR TURNER @28 Memorandum Opinion_mtd.wpd

4

3-08-cr-120-TMB-JDR Memorandum Opinion 12/17/2008; Page 4 of 4
Case 3:08-cr-00120-TMB   Document 35   Filed 12/17/08   Page 4 of 4
Signed by Judge John D. Roberts